IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LEMOINE JEAN MARIE** | * | **CIVIL ACTION NO. 05-2059** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by Petitioner, Lemoine Jean Marie ("Marie"), on November 28, 2005. The Government has filed a response to Marie's petition. (Document No. 11). For reasons stated below, it is recommended that Marie's petition be **DISMISSED without prejudice.**

## BACKGROUND

Marie, a native and citizen of Haiti, entered the United States near Miami, Florida on or about January 3, 1980. On January 2, 1982, Marie successfully adjusted his status to a lawful permanent resident. Nearly twenty years later, on April 7, 2000, Marie was convicted in the United States District Court for the Southern District of Florida of possession of cocaine with intent to distribute. He received a sentence of seventy-two (72) months in prison and was delivered into the custody of the United States Bureau of Prisons on or about June 17, 2000.

While in prison, the United States Bureau of Immigration and Customs Enforcement ("ICE") served Marie with a Notice to Appear ("NTA") on May 19, 2005. The NTA charged that Marie was subject to removal pursuant to section 237 of the Immigration and Nationality Act based on his federal controlled substance conviction. That same day, Marie requested that an order be issued for his removal to Haiti. A formal order for Marie's removal was issued on June 7, 2005. Marie remains detained in ICE custody.

ICE reviewed Marie's continued detention in September 2005, and concluded that

continued detention was appropriate based upon ongoing efforts to obtain travel documents and its belief that Marie's removal to Haiti would be executed in the reasonably foreseeable future.

In the early fall of 2005, the United States Government agreed to suspend all removals to Haiti pending the completion of Haiti's presidential elections in October 2005. The October elections, however, were suspended because of fears of violence and civil unrest, and the elections were repeatedly postponed at one month intervals. Finally, on February 7, 2006, Haiti successfully held its presidential elections, and according to Thomas Feeley, an ICE deportation officer familiar with Marie's proceedings, Haitian nationals have been removed as recently as April 7, 2006.

In his petition, Marie challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Marie, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Marie has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it is engaged in ongoing efforts to obtain Marie's travel documents from the Haitian government, and has explained that the process has been delayed due to recent elections and changes in administration. The Government notes, however, that repatriations to Haiti have begun, and presumably this means that Marie's removal will occur in the reasonably foreseeable future. Marie has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of April, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Habeas\05-2059.042606.rr.klh.frm